```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

COOLMATH.COM, LLC

                    Plaintiff,

            -against-                                      14-cv-4291 (LAK)

COOLMATHGAMES.COM, MICHAEL GARGIULO,
and JOHN DOE

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff Coolmath.com, LLC seeks injunctive and monetary relief against defendants Coolmathgames.com and Michael Gargiulo for alleged trademark infringement, unfair competition, false description, trade dress infringement, and violations of New York General Business Law Section 349. The matter is before the Court on plaintiff's motion for a preliminary injunction barring the defendants from (i) operating or marketing a web site under the domain name coolmathgames.com; (ii) using plaintiff's trademarks[1] or any trademark similar to plaintiff's trademarks; and (iii) using plaintiff's trade dress. Defendant Michael Gargiulo advances several arguments in opposition to plaintiff's application, including that plaintiff has failed to demonstrate that this Court has jurisdiction over him.

        The Court has examined the parties' submissions and determined it requires additional information to determine whether there is a "reasonable probability of ultimate success on the question of the Court's in personam jurisdiction"[2] over one or more of the defendants under

---

[1] Plaintiff's trademarks include COOLMATH, COOLMATH-GAMES, COOLMATH4KIDS (collectively the "COOLMATH Marks").

[2] *See, e.g., Visual Scis., Inc. v. Integrated Commc'ns, Inc.*, 660 F.2d 56, 59 (2d Cir. 1981); *Lam Yeen Leng v. Performance Ltd.*, 474 F. App'x 810, 814 (2d Cir. 2012).

2

CPLR Sections 302(a)(1) and 302(a)(3)(ii), New York's long arm statute.[3] It will hear evidence on this issue on September 17, 2014 at 9:30 a.m. The parties should be prepared to offer evidence and present argument with respect to the following among other questions relating to the subject of the hearing:

        1.    Whether and to what extent defendants have transacted business within or contracted anywhere to supply goods or services in the State of New York.

        2.    Whether and to what extent plaintiff's claims arise out of such activities.

        3.    Whether defendants have committed one or more tortious acts without the State of New York causing injury to plaintiff or its property within the State.

        4.    Whether defendants regularly did or solicited business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in the State of New York, or (ii) expected or should reasonably have expected the act to have consequences in the State and derived substantial revenue from interstate or international commerce.

SO ORDERED.

Dated:    August 29, 2014

                                                         /s/    Lewis A. Kaplan
                                                                                   Lewis A. Kaplan
                                                               United States District Judge

---

[3] N.Y. C.P.L.R. § 302(a).