Kaplan, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SEP 18 2014

JUDGE KAPLAN'S CHAMBERS

COOLMATH.COM, LLC,

                Plaintiff,

v.

COOLMATHGAMES.COM, MICHAEL GARGIULO, and JOHN DOE,

                Defendants.

Civil Action No. 14 Civ. 4291(LAK)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/14

**FINAL ORDER AND JUDGMENT ON CONSENT FOR PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT MICHAEL GARGIULO; VOLUNTARY DISMISSAL OF REMAINING CLAIMS PURSUANT TO FED. R. CIV. P. 41(a) WITHOUT PREJUDICE**

This matter (the "Civil Action"), having been commenced by Plaintiff Coolmath.com, LLC ("Coolmath") by filing a complaint charging Defendants coolmathgames.com, Michael Gargiulo, and John Doe with trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); false description under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trade dress infringement; and deceptive and unfair trade practices under Section 349 of the New York General Business Law; and

Gargiulo (together with Coolmath, the "Parties"), having been duly served with a copy of the summons and complaint in this Action and having retained counsel to represent him in this Action; and

Coolmath, having moved for a preliminary injunction and temporary restraining order against Gargiulo on the basis of Gargiulo's use of Coolmath's COOLMATH mark (the

{F1523390.2}

"COOLMATH Mark") on a games website located at the domain name coolmathgames.com, identified in the Complaint (the "Website"); and

Gargiulo, having acknowledged that a company under his control operates the Website and that he has full control over and responsibility for the content on the Website, even though he does not own the domain name coolmathgames.com; and

Gargiulo opposed Coolmath's motion for a preliminary injunction and temporary restraining order on several grounds, including lack of personal jurisdiction;

Gargiulo has, following his opposition to the preliminary injunction motion and temporary restraining order, disabled the Website; and

Gargiulo concedes that this Court has personal jurisdiction over him on the grounds that (1) advertisements on the Website were specifically directed towards visitors from this judicial district; (2) more than 288,000 visitors from New York State visited the Website; and (3) Coolmath has been injured in this district by the use of the COOLMATH Mark on the Website; and

On September 9, 2014, Coolmath initiated an *in rem* action against the coolmathgames.com domain name under the Anticybersquatting Consumer Protection Act in the United States District Court for the Eastern District of Virginia, captioned *Coolmath.com, LLC v. coolmathgames.com*, Case No. 1:14-cv-1185 (E.D. Va.); and

The Parties, therefore having agreed to the jurisdiction and venue of this Court and having stipulated and consented to the entry of this Final Order and Judgment on Consent (the "Judgment") on the terms set forth herein and which would fully resolve the Civil Action; and

This Court having made the following findings and conclusions:

A.  Coolmath commenced the Civil Action on June 13, 2014 charging that Gargiulo and other entities and/or individuals infringed the COOLMATH Mark.

B.  The Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under §§ 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the state law claim in this matter under § 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

C.  The Court has personal jurisdiction over Gargiulo pursuant to N.Y. C.P.L.R. § 302, *inter alia*, because:

(1)  advertisements on the Website were specifically directed towards visitors from this judicial district;

(2)  more than 288,000 visitors from New York State visited the Website; and

(3)  Coolmath has been injured in this district by the use of the COOLMATH Mark on the Website; and

D.  Venue is proper in this District pursuant to §1391(b) of the Judicial Code, 28 U.S.C. § 1391(b).

E.  In connection with the entry of this Judgment, Gargiulo has made the following representations and warranties which are material terms of and form the basis for entry into this Judgment and on which Coolmath and the Court have relied: on or about July 3, 2014, Gargiulo and any entities owned or controlled, in whole or in part, by Gargiulo, permanently ceased and discontinued any and all use of the COOLMATH Mark or any simulation, reproduction, copy, colorable imitation or confusingly similar variation thereto (collectively the "Prohibited Mark"), on or in connection with any product, to advertise or promote any goods, business or service, or in connection with the manufacture, distribution, display, advertising, marketing, offering for

sale and sale of any products or service and have otherwise ceased all use of the Prohibited Mark or any other marks that are intended to call to mind or be associated with Coolmath whether as a trademark, service mark, trade name, business name, design, ornamental device, product feature, advertising slogan, product name, collection name or otherwise.

F. The actions and conduct of Gargiulo as detailed in the Complaint constitute trademark and trade dress infringement, unfair competition, false description, and deceptive trade practices in violation of federal, state, and common law.

G. Gargiulo acknowledges that the Court has jurisdiction over him to enter and enforce this Judgment against him; Gargiulo consents to entry of this Judgment; and Gargiulo has the legal capacity to enter into this Judgment and to carry out all obligations and requirements herein.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Gargiulo; any company, business, venture, partnership or other entity created, owned or controlled in whole or in part by Gargiulo now or in the future or that is at any time under common control, management, or ownership with Gargiulo; and all those persons in concert or participation with any of the foregoing who receive notice of this Judgment shall immediately and permanently cease and desist from:

 (a) operating the Website, or any other video game website, from any domain name which includes "coolmath," or the terms "cool" and "math" or any terms confusingly similar thereto;

 (b) otherwise using the Prohibited Mark in any form or medium, on or in connection with in connection with any goods or services;

(c) making or displaying any statement or representation that is likely to lead the public or the trade to believe that its goods and services are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Coolmath;

(d) engaging in any other activity constituting unfair competition with Coolmath, or constituting an infringement of the COOLMATH Mark or of Coolmath's rights therein;

(e) applying to register or registering in the United States Patent and Trademark Office, or in any state trademark registry, any mark or design consisting in whole or in part of the Prohibited Mark or otherwise taking any other action designed to give Gargiulo any claim of rights in or to the COOLMATH Mark; and

(f) aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (e) above.

2. Gargiulo shall preserve all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and backup disks) and other documents relating to the Website or the use of the COOLMATH Mark and shall make all such material available to Coolmath upon service of a subpoena received from Coolmath.

3. Gargiulo shall file with the Court and serve upon Coolmath's counsel within 30 days after entry of this Judgment a report in writing under oath setting forth in detail the manner and form in which he complied with the above requirements.

4. This Judgment shall resolve only those claims and demands that were asserted in the Civil Action against Gargiulo or that could have been asserted against Gargiulo by Coolmath arising out of the facts set forth in the Civil Action, as well as all defenses and counterclaims that

were or could have been asserted by Gargiulo against Coolmath in the Civil Action and all relief and remedies requested or that could have been requested by Gargiulo and shall constitute a final adjudication of the merits as to any such claims, counterclaims, defenses, remedies and relief.

5. The parties to this Judgment waive all right to appeal from entry of this Judgment.

6. By their signatures and acknowledgments below, the parties understand and agree to be bound by the terms of this Judgment.

7. The Parties acknowledge that each has obtained advice of counsel with respect to this Judgment. Each of the Parties further acknowledges that its decision to enter into this Judgment has not been influenced by any promises, representations, or statements made by any Party or others acting on behalf of the Parties other than those set forth in this Judgment.

8. In connection with any further proceedings concerning the subject matter of this Judgment, including the enforcement of this Judgment, service on Gargiulo shall be deemed effective by mailing a copy of any notice, motion papers or other pleadings to counsel for Gargiulo:

> Brett E. Lewis, Esq.
> Lewis & Lin LLC
> 45 Main Street, Suite 608
> Brooklyn, NY 11201-8200

9. The Parties shall each bear their own attorneys' fees and costs in connection with this action; and

10. This Judgment is a final judgment terminating all claims in the Civil Action against Gargiulo and is made part of the public record.

11. Any remaining claims brought by Coolmath in the Civil Action against any entity other than Gargiulo are hereby voluntarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(a).

STIPULATED AND AGREED:

Dated: September 16, 2014
New York, NY

COOLMATH.COM, LLC

By: _____
Gregory Barlow
President

MICHAEL GARGIULO

Dated: September 16, 2014
Snellville, GA

_____
Michael Gargiulo

AGREED TO AND CONSENTED TO, as to form and content:

FROSS ZELNICK LEHRMAN
& ZISSU, P.C.

By: _____
James D. Weinberger
jweinberger@fzlz.com
866 United Nations Plaza
New York, New York 10017
(212) 813-5900 (phone)
(212) 813-5901 (fax)

*Counsel for Plaintiff Coolmath.com, LLC*

LEWIS & LIN LLC

By: _____
Brett E. Lewis
brett@ilawco.com
45 Main Street, Suite 608
Brooklyn, NY 11201-8200
(718) 243-9323 (phone)
(718) 243-9326 (fax)

*Counsel for Defendant Michael Gargiulo*

Dated: New York, New York

____9/18____, 2014

Issued at 10:01 p.m.

SO ORDERED:

_____
The Honorable Lewis A. Kaplan
United States District Judge

tmc

The Clerk shall terminate any
open motions and close the
case.

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

{F1521390.2}